UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **JANE DOE,** *as mother and next friend of her son, Jack Doe*; AND **JANE DOE,** *individually;* AND **THE MAINE HUMAN RIGHTS COMMISSION,** | ) ) ) ) ) ) ) |
| PLAINTIFFS | )   CIVIL No. 2:15-cv-257-DBH |
| v. | ) ) ) |
| **BRUNSWICK SCHOOL DEPARTMENT,** AND **WALTER WALLACE,** | ) ) ) ) |
| DEFENDANTS | ) |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

A Local Rule 56(h) pre-filing conference was held on June 30, 2016.

The plaintiff Jane Doe, individually, and as mother and next friend of her son, brings civil rights claims against the Brunswick School Department and the school principal Walter Wallace under 42 U.S.C.A. § 1983 (2006 & Supp. 2015) for unconstitutional sex and sexual orientation discrimination and free speech retaliation; against the School Department under Title IX for sex discrimination and retaliation for reporting about sex discrimination, see 20 U.S.C.A. § 1681 (2006 & Supp. 2015); and against the School Department under the Maine Human Rights Act for sex and sexual orientation discrimination, see 5 M.R.S.A. § 4602 (2010 & Supp. 2015).  The Maine Human Rights Commission previously conducted an investigation and found reasonable grounds to believe that the School Department committed unlawful discrimination.  The Commission joins

the plaintiff's claim under the Maine Human Rights Act.  See 5 M.R.S.A. § 4612(4).  The defendants raise a number of affirmative defenses in their answer, but counsel for the defendants stated at the conference that the defendants withdraw the sixth affirmative defense, which asserted that the plaintiff Jane Doe and her minor child failed to adequately mitigate damages.

At the beginning of the conference, the parties requested a judicial settlement conference before a decision on the defendants' motion for summary judgment is necessary.  They anticipate that the judicial settlement conference will take one full day.  The parties agreed, however, that the defendants will still file their motion for summary judgment, with a filing deadline of three business days before the scheduled settlement conference.  We also discussed some discovery issues that the parties have been having, and I allowed them, upon joint request, to continue discovery until one week before the judicial settlement conference.

I have spoken to Magistrate Judge Nivison, and he is willing to conduct the settlement conference.  Accordingly, I endorse the following scheduling deadlines proposed by the parties:

> A judicial settlement conference will be conducted after August 12, 2016.  Magistrate Judge Nivison's chambers will arrange the exact date after conferring with counsel and will issue instructions for providing in camera settlement memoranda.
>
> No later than one week before the judicial settlement conference, the parties shall present to Magistrate Judge Rich (who has thus far been handling the discovery issues in this case) any remaining discovery disputes.

Three business days before the judicial settlement conference, the defendants shall file their motion for summary judgment and supporting documents in accordance with the limits proposed in their pre-conference filing memorandum.

Four weeks after the judicial settlement conference, the plaintiffs shall file their responses, their opposing statements of material fact, and any additional facts. The page limit and additional factual statements for the plaintiff Jane Doe shall be in accordance with the limits proposed in her pre-conference filing memorandum.

Fourteen days after the plaintiffs file their responses, the defendants shall file their reply.

**SO ORDERED.**

**DATED THIS 1ST DAY OF JULY, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3